IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL ADEYINKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2782 |
| | § | |
| TEXAS DEPARTMENT OF JUSTICE, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Emmanuel Adeyinka, has filed a pro se Complaint for Violation of Civil Rights against the Texas Department of Justice, the City of Houston, the Parole Board, and others ("Complaint") (Docket Entry No. 1), alleging that he has been wrongfully required to register as a sex offender and participate in a sex offender monitoring program that requires him to take a polygraph as a condition of his parole. Because Adeyinka has not paid the filing fee, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Discussion

Court records reflect that Adeyinka was sentenced to two years in state prison in 2017 following his conviction for criminal retaliation. See Adeyinka v. Davis, Civil No. H-18-2157 (S.D. Tex. June 27, 2018) (Order of Dismissal, Docket Entry No. 3, p. 1). Following his release on parole Adeyinka claims that he has been required to register as a sex offender and to participate in a sex offender monitoring program because he has prior convictions from Philadelphia for indecent exposure (Court Summary, attached to Complaint, Docket Entry No. 1, p. 7). Arguing that the conditions of his release on parole are unconstitutional, Adeyinka now seeks $1,777,777.00 in damages for his emotional distress and mental anguish (Complaint, Docket Entry No. 1, p. 5).

Under the rule in Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994), a civil rights plaintiff cannot obtain money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." The rule in Heck applies to complaints about the fact or duration of parole. See Littles v. Board of

Pardons and Paroles Division, 68 F.3d 122, 123 (5th Cir. 1995); see also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

Adeyinka does not allege facts showing that the challenged parole decision has been set aside or invalidated. Absent a showing that the disputed parole decision has been invalidated or set aside, Adeyinka's claim for money damages is precluded by the rule in Heck. See Littles, 68 F.3d at 123. As a result, the Complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted under § 1983. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. Warning

The court notes that Adeyinka has filed at least thirteen lawsuits in this district within the past three months. Of these lawsuits, at least four others have been dismissed as frivolous, malicious, or for failure to state an actionable claim. See Adeyinka v. Harris County, et al., Civil No. H-18-1616 (S.D. Tex. May 18, 2018) (frivolous); Adeyinka v. Harris County Jail, et al., Civil No. H-18-1782 (S.D. Tex. July 13, 2018) (failure to state a claim); Adeyinka v. Harris County Jail, et al., Civil No. H-18-2161 (S.D. Tex. July 27, 2018) (frivolous); Adeyinka v. Houston Texas Department of Public Safety, Civil No. H-18-2753 (S.D. Tex. Aug. 15, 2018) (malicious).

Although Adeyinka is not a prisoner who is subject to the three-strikes rule found in the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(g), which places restrictions on a litigant's eligibility to proceed in forma pauperis once he has three dismissals for filing frivolous or malicious lawsuits, district courts have inherent authority to sanction abusive litigants by imposing monetary penalties and other restrictions on their ability to file suit. See Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2131-38 (1991); In re Stone, 986 F.2d 898, 902 (5th Cir. 1993) (courts possess the inherent power "to protect the efficient and orderly administration of justice," which includes "the power to levy sanctions in response to abusive litigation practices") (citations omitted). Because Adeyinka has now incurred at least four dismissals that would ordinarily disqualify a prisoner from eligibility for leave to proceed in forma pauperis, he is warned that further frivolous lawsuits may result in sanctions -- including monetary penalties and restrictions on his ability to file lawsuits in this court -- for abusing scarce judicial resources.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights filed by Emmanuel Adeyinka (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable claim.

2.  Adeyinka is **WARNED** that he may face sanctions, including monetary penalties and restrictions on his ability to file lawsuits, if he continues to file meritless lawsuits in federal courts.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 15th day of August, 2018.

                                             SIM LAKE
                                             UNITED STATES DISTRICT JUDGE